[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO ENFORCE ORDER AND JUDGMENT OF FINAL SETTLEMENT APPROVAL
This is the motion of Atlantic Bank of New York (ABNY) seeking to enforce the Settlement Agreement of November 30, 1994 approved by this court. It is the movant's claim that proceeds paid by Arthur Andersen pursuant to a Criminal Agreement constitute Back End Payments under this court's approved Settlement Agreement a portion of which is due ABNY.
The accounting firm of Arthur Andersen under investigation by the United States Justice Department, for their involvement in the affairs of two Colonial investments, entered into a agreement with the Justice Department to pay the sum of $10,300,000.00. Under the terms of this criminal settlement these monies were put into a fund to be administered by the law firm of Updike, Kelly and Spellacy to be distributed to the investors of Constitution Limited Partnership, the partnership involved in this case and Colonial Constitution Zero Coupon Limited Partnership, not involved in this matter.
It is the claim of ABNY that the monies to be paid to the class members were "recoveries by settlement," hence subject to the Back End Payment requirements. The relevant section defining Back End Payments in the Settlement Agreement is Section 1.5, which reads:
 "any recoveries, either by settlement or court award, by any Class member on any claim against any party, other than the Institution, arising out of or relating to any Colonial Partnerships"
The plaintiff's argue that "settlement" in the Settlement agreement refers to civil not criminal settlements. They also argue that the recovery was not made as a result of a `claim" made by the class and therefore could not be construed as a Back End Payment under Section 1.5. The court agrees. CT Page 6519
The court reads Section 1.5" any recovery either by settlement . . . by any class member on any claim" to mean any recovery brought by or brought about by any class member against any party etc. Clearly, the claim by the Justice Department was not "by any class member". The class members had nothing to do with negotiating the Andersen settlement with the Government. The recovery in the Andersen agreement was a recovery not of the class members but a recovery by the Government. The Government decided to share its recovery with all those "Colonial" investors who were injured as a result of the involvement of Andersen with the two Colonial partnerships. The class members, parties to this agreement, did not bring about, negotiate, or in any way influence the Andersen agreement. That settlement and recovery were not as a result of their efforts or "by any class member". .
The class members here agreed that if they were instrumental in securing additions funds from parties that they might pursue, then those funds, fruit of their efforts, would be shared with ABNY in accordance with this agreement. If the parties to the Andersen agreement, that is the Government and Andersen, intended to confer a benefit on ABNY they would have so provided. Those funds are not "recoveries by a class member", they are recoveries of the United States Government shared not with class members but "investors" of the Colonial Partnerships. . The funds that a former investor of the Colonial Partnerships receive as a result of the efforts of the Justice Department are not Back End Payments under Section 1.5 of the Settlement Agreement. The Motion to Enforce Order and Judgment of Final Settlement Approval is denied.
PELLEGRINO (J)